J-S96021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOSHUA DAVID MILLER | |
| Appellant | No. 702 WDA 2016 |

Appeal from the Order Entered April 26, 2016
In the Court of Common Pleas of Mercer County
Criminal Division at No(s):
CP-43-CR-0001594-2013

BEFORE: BENDER, P.J.E., BOWES, J., AND SOLANO, J.

MEMORANDUM BY BOWES, J.:                           **FILED MARCH 07, 2017**

Joshua David Miller appeals from the trial court's determination that he is a sexually violent predator ("SVP"), following remand from this Court for a new SVP hearing. We affirm.

On October 24, 2013, Appellant was charged with three counts each of statutory sexual assault, involuntary deviate sexual intercourse, sexual assault, and aggravated indecent assault. These charges stemmed from allegations that Appellant vaginally raped his female cousin, T.M., when she was twelve years old and Appellant was seventeen years old, and that sexual contact continued over the course of the next three years, against T.M.'s will.

On October 16, 2013, Appellant purportedly texted T.M. that he wanted to have sex with her, and, at that point, T.M. told her mother about Appellant's assaults. T.M. and her mother went to the police, who contacted Appellant. Appellant proceeded to the police station on October 21, 2013. He allegedly admitted to having inappropriate sexual contact with T.M. after he reached the age of 18 years, and prior to her reaching the age of 16. Appellant acknowledged that he had sexual intercourse with her and that he digitally penetrated the victim's vagina.

On March 4, 2014, Appellant pled guilty to a single count of aggravated indecent assault; the remaining charges were *nolle prossed*. He was referred to the Sexual Offender Assessment Board ("SOAB"). On August 29, 2014, the court held a hearing and the Commonwealth presented the testimony of Brenda Manno, a member of the SOAB. Ms. Manno stated that she performed an assessment on Appellant and concluded he was an SVP. She recounted her method of evaluation, noting, *inter alia*, that she relied on all the records available regarding Appellant, including the information pertaining to his current offense. Appellant objected to Ms. Manno's recitation of the information surrounding the offense, arguing that those facts were inadmissible hearsay. The court overruled the objection, but nevertheless refused to credit Ms. Manno on the ground that her opinion was premised upon hearsay statements made by the victim. The Court ruled that Ms. Manno's hearsay-based conclusion was impermissible as it

was rendered in violation of Appellant's Sixth Amendment confrontation clause rights.

The matter proceeded directly to sentencing, where Appellant was sentenced to four to ten years imprisonment. The Commonwealth appealed and challenged the court's SVP determination; we reversed. *Commonwealth v. Miller*, 125 A.3d 450 (Pa.Super. 2015) (unpublished memorandum). We first held that the "trial court here erred in dismissing the expert opinion of the Commonwealth's witness [,Brenda Manno,] . . . because the expert's opinion was predicated upon hearsay statements by the victim to police." *Id*. at 6. Rather, the expert was permitted to rely upon the victim's hearsay statements in rendering her opinion that Appellant was an SVP. In addition, we also ruled that the practice did not violate Appellant's Sixth Amendment right to confront witnesses against him, holding: "The trial court . . . erred in its determination that [Appellant] was not an SVP to the extent this conclusion was premised upon the inability of [Appellant] to confront the victim at his SVP hearing." *Id*. at 11. Hence, the matter was remanded for a new SVP hearing.

The sentencing court conducted that hearing on April 26, 2016. At that time, Ms. Manno again opined that Appellant was an SVP. At no point during Ms. Manno's lengthy testimony did Appellant raise any objection. During cross-examination, Appellant established that the law requires a person adjudicated as an SVP to undergo counseling, that Ms. Manno

conducted SVP counseling, and that she made a profit from that activity. During argument, Appellant raised one contention, that Ms. Manno's testimony not be credited because "there is a possibility that we do not have an unbiased opinion here considering that . . . there would be an incentive to find somebody to be a sexually violent predator." N.T. SVP Determination Hearing, 4/26/16, at 30.

The Commonwealth countered that there was no bias since it established that, in two-thirds of the assessments that Ms. Manno conducted, she concluded that the person was not an SVP. After expressing its disagreement with our holding during the prior appeal, the court determined that Appellant was an SVP. Appellant filed this appeal, raising one issue: "I. Whether the Trial Court erred by determining that Miller was an SVP in violation of his right to procedural due process when it found that the Commonwealth met its burden under 42 Pa.C.S.A. § 9799.2." Appellant's brief at 4.

In this appeal, Appellant contends that his SVP adjudication is infirm due to a violation of his due process rights under the Fourteenth Amendment of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution. We review a challenge to an SVP determination

> [I]n the light most favorable to the Commonwealth. The reviewing court may not weigh the evidence or substitute its judgment for that of the trial court. The clear and convincing standard requires evidence that is so clear, direct, weighty and

convincing as to enable [the trier of fact] to come to a clear conviction, of the truth of the precise facts [at] issue.

***Commonwealth v. Prendes***, 97 A.3d 337, 355-356 (Pa.Super. 2014). The scope of review is plenary. ***Id***. at 356. Moreover, "an expert's opinion, which is rendered to a reasonable degree of professional certainty, is **itself** evidence." ***Id***. (emphasis in original).

Before we proceed to the merits of Appellant's claimed error, we must first determine whether the issue was properly preserved for review. Although Appellant presented his due process challenge in his 1925(b) statement of errors complained of on appeal, and argued his position in his brief, he did not make a timely and specific objection to Ms. Manno's testimony during the April 26, 2016 SVP hearing. Hence, we find this issue waived. ***Commonwealth v. Tucker***, 143 A.3d 955, 961 (Pa.Super. 2016) ("the failure to make a timely and specific objection before the trial court at the appropriate stage of the proceedings will result in waiver of the issue."); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Assuming, *arguendo*, that this matter was properly before us, Appellant would not be entitled to relief. The Fourteenth Amendment provides, in relevant part, "nor shall any State deprive any person of life, liberty, or property, without due process of law," and protects "the individual against arbitrary action of government." ***Commonwealth v. Turner***, 80

A.3d 754, 763 (Pa. 2013); U.S. CONST. amend. XIV § 1. Likewise, Article I, Section 9 of the Pennsylvania Constitution assures a criminal defendant the protection of due process of law. *Turner*, *supra* at 363. Moreover, "[t]hese two provisions are largely coextensive." *Id*.

Appellant challenges the court's ruling under the rubric of procedural due process. Procedural due process prohibits the government from "depriving individuals of life, liberty, or property, unless it provides the process that is due." *Id*. at 364. While our Court has not established a precise definition of due process, "the basic elements or procedural due process are adequate notice, the opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case." *Id*. (citation omitted). As such, we utilize a two-step approach to analyzing procedural due process questions: "the first asks whether there is a life, liberty, or property interest that the state has interfered with; and the second examines whether the procedures attendant to that deprivation were constitutionally sufficient." *Id*.

Essentially, Appellant contends that the factual basis for his plea differs from the information employed by Ms. Manno in rendering her expert opinion. That is, the factual foundation supporting Appellant's plea established only that he engaged in improper sexual contact with his

underage cousin on a single occasion. However, Ms. Manno, in opining that Appellant exhibited unspecified paraphilic disorder,[1] determined that he had made inappropriate sexual contact with his cousin for a period extending beyond six months. Ms. Manno reached this conclusion by reviewing Appellant's criminal record, which included statements made by T.M. attesting to the frequency and duration of Appellant's sexual contact with her, as well as statements by Appellant verifying those allegations. Since those statements were not facts of record, Appellant reasons that Ms. Manno's reliance upon them violates his due process.

As this Court held in **Prendes**, **supra**, an SOAB expert opinion, pursuant to Pa.R.E. 703 and 705, may be **based** upon facts or data the expert has been made aware of or personally observed, so long as experts in that particular field reasonably rely on those kinds of facts or data in forming their opinion. **Prendes**, **supra** at 360-361 (emphasis added); Pa.R.E. 703; Pa.R.E. 705. We observed that "the facts and data need not be admissible

---

[1] After a defendant has been evaluated by an SOAB board member according to the factors provide in 42 Pa.C.S. § 9799.24(b), the Commonwealth must prove that the defendant has been convicted of a sexually violent offense as set forth in 42 Pa.C.S. § 9799.14, and that the individual has a "mental abnormality or personality disorder that makes [him] likely to engage in predatory sexually violent offenses." **Commonwealth v. Prendes**, 97 A.3d 337, 357-358 (Pa.Super. 2014) (citation omitted). Since Appellant's guilty plea to aggravated indecent assault is enumerated as a Tier III sexual offense pursuant to section 9799.14, Ms. Manno's testimony was offered to prove he suffered from such a mental abnormality.

for the expert's opinion to be admitted." **_Prendes_**, **_supra_** at 361. Indeed, otherwise inadmissible facts reasonably relied upon by an expert to explain the basis of her opinion do not constitute substantive evidence. **_Id_**.; Pa.R.E. 705 and Comment.

In the SVP setting, that the factual basis of an expert's testimony is not presented as substantive evidence is determinative. As noted above, an expert's testimony, when provided within a reasonable degree of professional certainty, is the relevant evidence. **_Prendes_**, **_supra_** at 356. Furthermore, hearsay is defined as a statement that

    (1)   the declarant does not make while testifying at the current trial or hearing; and

    (2)   a party offers in evidence to prove the truth of the matter asserted in the statement.

Pa.R.E. 801(c). In the context of an SVP hearing, the judge is not tasked with evaluating the veracity of the facts and data underlying the expert's testimony. Moreover, those facts are not being offered for the truth of the matter asserted. Instead, they are presented solely to supply the basis for the expert's opinion. That is, the facts and data are offered merely to show what information the expert relied upon in articulating her opinion. Hence, that background information cannot properly be considered hearsay.

Nevertheless, we do not simply take experts at their word. The dictates of the due process clause are fulfilled with regard to expert testimony by procedures which allow opposing parties to introduce expert

witnesses of their own, and to cross-examine opposing experts to test the viscosity of their opinions. Thus, the defendant is furnished ample opportunity to defend himself against that testimony. *Turner*, *supra*.

Based on the foregoing, we find that, had this issue been properly preserved below, the process provided to a defendant during an SVP hearing is sufficient to protect whatever liberty interest may be infringed by an affirmative SVP determination. Instantly, Appellant was afforded the opportunity to challenge Ms. Manno's expert opinion by offering expert testimony of his own, or to attempt to undermine that opinion on cross-examination. Although Appellant did not avail himself of an expert witness herein, he did have the opportunity to cross-examine Ms. Manno. Appellant did so, and focused that assault on Ms. Manno's alleged bias. N.T. SVP Determination Hearing, 4/26/16, at 23-28. He raised only one challenge to the facts underlying Ms. Manno's assessment by eliciting testimony that if it were assumed that Appellant had only one sexual encounter with T.M., then he would not have fulfilled the criteria for paraphilic disorder. *Id*. at 28. The trial court was free to weigh this answer in determining Ms. Manno's credibility. Hence, the SVP proceeding met the standards enunciated by the Due Process Clauses of the Fourteenth Amendment, and Article I, Section 9 of the Pennsylvania Constitution. *Turner*, *supra*.

Nonetheless, Appellant failed to preserve his challenge to Ms. Manno's testimony on the grounds that it was based on impermissible hearsay in violation of his right to due process. Accordingly, we find his issue waived.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/7/2017